**Opinion issued March 7, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00527-CR

_____

**MICHAEL DESHOUN KELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 874329**

## MEMORANDUM OPINION

On November 30, 2001, pursuant to a plea agreement with the State, Michael Deshoun Kelly was convicted of murder and sentenced to 60 years' imprisonment. Appellant filed a notice of appeal on July 7, 2022. We dismiss the appeal.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). Here, appellant's notice of appeal was untimely filed more than twenty years after the sentence was imposed in 2001. Because the notice of appeal was untimely, we lack jurisdiction over this appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Furthermore, in a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the trial court's certification states that this is a plea bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The record supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because

appellant has no right of appeal, we must dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).